UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP C. ROGERS,

    Plaintiff,

v.

WATER STONE CONNECT,

    Defendant.
_____/

## COMPLAINT

**I.   Introduction**

1. This is an action for damages brought by plaintiff Phillip C. Rogers against defendant Water Stone Connect for violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2. The TCPA prohibits a person or its agent from calling and sending a text advertisement to a cellular telephone without the recipient's prior express invitation or permission. The TCPA provides a private right of action and dictates a minimum award of damages in the liquidated amount of $500.00 per violation, which may be trebled to $1,500.00 per violation for willful violations.

**II.   Jurisdiction**

3. This Court has jurisdiction under 47 U.S.C. § 227 (TCPA) and 28 U.S.C. § 1331. Venue in this judicial district is proper because the pertinent events and related injury took place in Kent County, Michigan.

**III.    Parties**

4. Plaintiff Phillip C. Rogers is an adult, natural person, residing in Kent County, Michigan.

5. Defendant Water Stone Connect is an entity whose true legal name and location is not yet known.

6. The name "Water Stone Connect" is an unregistered name used by Defendant and its employees and agents to maintain anonymity while conducting their unlawful text message advertising campaign.

7. Plaintiff has been unsuccessful in his substantial, exhaustive efforts to determine the true legal name and location of the entity or entities responsible for calling and sending the repeated, unlawful SMS text messages to Plaintiff's cellular telephone.

8. Plaintiff will need leave of the Court to conduct expedited discovery and serve subpoenas on five telephone service providers to determine the true legal name and location of the entity or entities responsible for calling and sending the repeated, unlawful SMS text messages to Plaintiff's cellular telephone.

**IV.    Facts**

9. Between October 21, 2016 and August 15, 2018, Defendant and its employees and agents, along with other entities and individuals to be identified in discovery, intentionally made forty-two (42) or more calls and intentionally sent forty-two (42) or more unsolicited text messages to Plaintiff's cellular telephone, offering to make short term loans, with actual knowledge that Plaintiff did not consent to receive any of the calls that were made and messages that were sent to Plaintiff's cellular telephone.

10. At least thirty-eight (38) of the calls were made and text messages were sent *after* Plaintiff had communicated in writing with Defendant and expressly demanded that Defendant stop making calls and sending messages to Plaintiff's cellular telephone.

11. Each message showed up on the display of Plaintiff's cellular telephone merely as a "New Message." To view the name of the sender and content of each message, Plaintiff was required to use his prepaid minutes and incur actual money damages.

12. Defendant and/or Defendant's agent(s) used the following telephone numbers to call Plaintiff's cellular telephone and send multiple SMS text messages to Plaintiff's cellular telephone:

   a) 217-441-2889;

   b) 503-707-7942;

   c) 701-401-7943;

   c) 702-936-4411; and

   d) 804-265-6957.

13. Defendant and/or Defendant's agent(s) used the following dedicated SMS Short Codes to call Plaintiff's cellular telephone and send multiple SMS text messages to Plaintiff's cellular telephone:

   a) 58528; and

   b) 27367.

14. Defendant and/or Defendant's agent(s) called Plaintiff's cellular telephone and sent multiple SMS text messages to Plaintiff's cellular telephone, offering to make a short term loan to the recipient and instructing the recipient to call the following telephone numbers for additional

information:

    a)    855-979-4455; and

    b)    888-327-5678.

15. Non-party Twilio, Inc., 375 Beale Street, Suite 300, San Francisco, California 94105, provided its unidentified subscriber(s)/customer(s) with the use of telephone number 217-441-2889 and SMS Short Code 58528, which were used to make multiple calls and send multiple SMS text messages to Plaintiff's cellular telephone.

16. Non-party Telcentris, Inc., d/b/a VoxOx, 5825 Oberlin Drive, Suite 5, San Diego, California 92121, provided its unidentified subscriber(s)/customer(s) with the use of SMS Short Code 27367, which was used to make multiple calls and send multiple SMS text messages to Plaintiff's cellular telephone.

17. Non-party Telnyx LLC, 311 West Superior, Suite 504, Chicago, Illinois 60654, provided its unidentified subscriber(s)/customer(s) with the use of telephone numbers 855-979-4455 and 888-327-5678, which were used as contact numbers in multiple SMS text messages sent to Plaintiff's cellular telephone.

18. Non-party Inteliquent, Inc., 550 West Adams Street, 9th Floor, Chicago, Illinois 60661, provided its unidentified subscriber(s)/customer(s) with the use of telephone number 701-401-7943, which was used to make multiple calls and send multiple SMS text messages to Plaintiff's cellular telephone.

19. Non-party Cricket Wireless LLC, 1025 Lenox Park Boulevard NE, Atlanta, Georgia 30319, provided its unidentified subscriber(s)/customer(s) with the use of telephone number 503-707-7942, which was used to make multiple calls and send multiple SMS text

messages to Plaintiff's cellular telephone.

20. SMS text messages are subject to the same consumer protections under the TCPA as voice calls. *In re Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, Declaratory Ruling and Order, CG Docket No. 02-278, WC Docket No. 07-135, FCC 15-72, ¶ 107 (rel. July 10, 2015) (the "2015 FCC Order").

21. Defendant and/or Defendant's agent(s) used an "automatic telephone dialing system," as the phrase is defined and used in the TCPA, to make calls and send the SMS text messages to Plaintiff's cellular telephone. Specifically, the equipment used to make calls and send the SMS text messages to Plaintiff's cellular telephone had the capacity (a) to store or produce telephone numbers to be called, using a random or sequential number generator, and (b) to dial such numbers. See 47 U.S.C. § 227(a)(1).

22. Equipment used to originate Internet-to-phone text messages to wireless numbers via email or via a wireless carrier's web portal is an "automatic telephone dialing system" as defined in the TCPA, and therefore calls made using the equipment require consent. 2015 FCC Order, ¶¶ 108-122.

23. None of the above-described calls made by Defendant and/or Defendant's agent(s) to Plaintiff's cellular telephone was made for "emergency purposes" as the phrase is used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

24. None of the above-described text messages sent by Defendant and/or Defendant's agent(s) to Plaintiff's cellular telephone was sent for "emergency purposes" as the phrase is used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

25. Defendant and/or Defendant's agent(s) did not obtain Plaintiff's "prior express

consent" as the phrase is used in the TCPA, 47 U.S.C. § 227(b)(1)(A), to make the above-described calls to Plaintiff's cellular telephone.

26. Defendant and/or Defendant's agent(s) did not obtain Plaintiff's "prior express consent" as the phrase is used in the TCPA, 47 U.S.C. § 227(b)(1)(A), to send the above-described text messages to Plaintiff's cellular telephone.

27. Defendant and/or Defendant's agent(s) did not obtain Plaintiff's "prior express invitation or permission" as the phrase is used in the TCPA, 47 U.S.C. § 227(a)(4)(A), to make the above-described calls to Plaintiff's cellular telephone.

28. Defendant and/or Defendant's agent(s) did not obtain Plaintiff's "prior express invitation or permission" as the phrase is used in the TCPA, 47 U.S.C. § 227(a)(4)(A), to send the above-described text messages to Plaintiff's cellular telephone.

29. Plaintiff has never had an "established business relationship," as the phrase is used in the TCPA, 47 U.S.C. § 227(a)(4)(B), with Defendant or Defendant's agent(s).

30. Neither Defendant nor Defendant(s) agent is/are a "tax exempt nonprofit organization" as the phrase is used in the TCPA, 47 U.S.C. § 227(a)(4)(C).

31. Defendant and/or Defendant's agent(s) made the above-described calls to Plaintiff's cellular telephone and sent the above-described text messages to Plaintiff's cellular telephone for the purpose of encouraging the recipient of the call and text messages to obtain a personal loan from Defendant and/or Defendant's customers.

32. Each of the above-described text messages sent by Defendant and/or Defendant's agent(s) to Plaintiff's cellular telephone was an "unsolicited advertisement" as the phrase is defined and used in the TCPA, 47 U.S.C. § 227(a)(5), because each text message was comprised

of material, advertising the commercial availability or quality of property, goods, or services, which was transmitted to Plaintiff's cellular telephone without Plaintiff's prior express invitation or permission, in writing or otherwise.

33. Defendant and/or Defendant's agent(s) used an automatic dialing system to make the above-described calls and send the above-described text messages to Plaintiff's cellular telephone. The calls were not for emergency purposes and the calls were not made with the prior express consent of the called party. Accordingly, Defendant and Defendant's agent(s) violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

34. "When the new subscriber to a reassigned number has not consented to the calls to that number, the caller may reasonably be considered to have constructive knowledge – if not actual knowledge – of the revocation of consent provided by the original subscriber to the number when the caller makes the first call without reaching the original subscriber. . . . [T]he opportunity for callers engaged in best practices to avoid liability for the first call following reassignment acknowledges callers' need for a reasonable opportunity to discover a reassignment using available tools, while ensuring that those callers who have not taken steps available to avoid making calls to reassigned numbers do not have, effectively, the ability to make unlimited calls in a manner that contravenes the consumer protection goals of the TCPA. . . . Calls to wireless numbers, where the caller does not have the consent of the called party – meaning the current subscriber or customary user, as defined above – violate the TCPA, absent [an emergency purposes or prior express consent of the called party]." 2015 FCC Order, ¶¶ 85-93.

35. On or before June 6, 2017, Plaintiff communicated in writing to Defendant that Defendant did not have permission to place calls to Plaintiff's cellular telephone number or to

send text messages to Plaintiff's cellular telephone number.

36. On or before June 6, 2017, Plaintiff communicated in writing with Defendant and demanded that Defendant stop placing calls to Plaintiff's cellular telephone number and that Defendant stop sending text messages to Plaintiff's cellular telephone number.

37. Defendant and/or Defendant's agent(s) continued to make calls to Plaintiff's cellular telephone and send unsolicited text messages to Plaintiff's cellular telephone, offering to make short term loans, with actual knowledge that Plaintiff did not consent to receive any of the calls and text messages. Each text message has shown up on the display of Plaintiff's cellular telephone merely as a "New Message." To view the name of the sender and content of each new text message, Plaintiff was required to use his prepaid minutes and incur actual money damages.

38. Defendant made each of the above-described forty-two (42) calls and sent each of the above-described forty-two (42) text messages to Plaintiff's cellular telephone.

39. Alternatively, Defendant's agent(s), cloaked with actual and apparent authority, made the calls and sent the text messages to Plaintiff's cellular telephone.

40. Defendant willfully and knowingly violated the TCPA.

41. As an actual and proximate result of the acts and omissions of Defendant and its employees and agents, Plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, periodic loss of the use of his cellular telephone, annoyance, aggravation, invasion of his privacy, and violation of his right as created by Congress to be free from Defendant's unsolicited advertisements and intrusion in Plaintiff's life, for which Plaintiff should be compensated in an amount to be established at trial.

**V.     Claim for Relief**

### Count 1 – Telephone Consumer Protection Act

42.     Plaintiff incorporates the foregoing paragraphs by reference.

43.     Defendant has violated the TCPA. Defendant's violations of the TCPA include, but are not necessarily limited to, 47 U.S.C. § 227(b)(1)(A)(iii).

**Wherefore,** Plaintiff seeks judgment against Defendant for:

a)     Damages in the amount of $500.00 for each call made and text message sent by Defendant and/or Defendant's agent(s) to Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227(b)(3)(B);

b)     Treble damages, calculated as $1,500.00 for each call made and text message sent by Defendant and/or Defendant's agent(s) to Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227(b)(3);

c)     An injunction requiring Defendant to cease making calls and sending text messages to Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227(b)(3)(A);

d)     Reasonable attorney's fees and costs of this action; and

e)     Such other and further relief as the Court deems just and proper.

Dated: September 21, 2018                    /s/ Phillip C. Rogers
                                             Phillip C. Rogers (P34356)
                                             6140 28th Street SE, Suite 115
                                             Grand Rapids, Michigan 49546-6938
                                             (616) 776-1176
                                             ConsumerLawyer@aol.com