UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

PHILLIP C. ROGERS,

        Plaintiff,

v.

WATER STONE CONNECT,
CHASE INC.,
CHASE IDEAS INC.,
GO GREEN MEDIA, LLC,
MITCHELL CHASE GASSERT,
GLOBAL DS GROUP, LLC,
ALLERAND CAPITAL, LLC and
EDWARD CHARLES WELKE,

        Defendants.

_____/

Case No. 1:18-CV-1112

HON. JANET T. NEFF

## FIRST AMENDED COMPLAINT

### I. Introduction

1.     This is an action for damages brought by plaintiff Phillip C. Rogers against Defendants for violating the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

2.     The TCPA prohibits a person or its agent from calling or sending a text advertisement to a cellular telephone without the recipient's prior express invitation or permission. The TCPA provides a private right of action and a minimum award of damages in the liquidated amount of $500.00 per violation, which may be trebled to $1,500.00 per violation for willful violations.

3.     Unsolicited text messages cause actual damage to the recipient. Unsolicited text messages cause the recipient to incur actual money damages when the text messages consume the allotment of prepaid minutes, text messages and data that have been purchased by the recipient. Unsolicited text messages waste the recipient's time that could have been spent on

1

something else, rather than reviewing and deleting the unsolicited text messages. Unsolicited text messages invade and interrupt the recipient's privacy and workday.

## II. Jurisdiction

4.      This court has jurisdiction under 47 U.S.C. § 227 (TCPA) and 28 U.S.C. § 1331. Venue in this judicial district is proper because the pertinent events and related injury took place in Kent County, Michigan.

## III. Parties

5.      Plaintiff Phillip C. Rogers is an adult natural person residing in Kent County, Michigan.

6.      Defendant Chase Inc. is a Nevada corporation, incorporated on or about October 26, 2012, and purports to be doing business at 2885 East Quail Avenue, Las Vegas, Nevada 89120, but the address is merely the business address for the company's registered agent, XFirms, Inc. The President, Secretary, Treasurer and Director of Chase Inc. is defendant Mitchell Chase Gassert.

7.      Defendant Chase Ideas Inc. ("Chase Ideas") is a Nevada corporation, incorporated on or about October 29, 2012, and purports to be doing business at 2885 East Quail Avenue, Las Vegas, Nevada 89120, but the address is merely the business address for the company's registered agent, XFirms, Inc. The President, Secretary, Treasurer and Director of Chase Inc. is defendant Mitchell Chase Gassert.

8.      Chase Ideas and Mr. Gassert maintain an internet domain name, www.chaseideas.com, that links to an active internet website. The website makes numerous representations, including:

    a.   Chase Ideas sometimes does business under the unregistered, assumed name "List Cabinet."

    b.   "[T]he company priority nowadays is on high-end internal development projects, with an emphasis on the advertising network, online marketing platforms, and other public web services."

    c.   Chase Ideas has "worked with" multiple companies, including defendant Allerand Capital, LLC and non-party Twilio Inc.

9.    The website at www.chaseideas.com contains a link to a "Portfolio" of related services offered by Chase Ideas, including:

    a.   ListCabinet.com, described as a realtime list management platform that can be used as a data/list aggregation platform.

    b.   ChaseLeads.com, described as "the best [marketing] leads in the industry. Large volumes of highly targeted leads in all the major vertical, available for instant download."

    c.   ChaseMobile.com, described as "the Mobile Development, Mobile Advertising, and SMS Autoresponder division of the network ecosystem."

    d.   ChaseClicks.com, described as a "network focused on top quality US-based networks and general traffic exchanges . . . with best converting campaigns in the common verticals" and touting a "New Exclusive Campaign" to advertise the restructuring of delinquent payday loans.

    e.   Go Green Media, described as "one of our affiliated companies" that has "built [advertising] campaigns that others only 'talk' about. Ask around. People know

us. Leverage over 25 years of marketing and technology expertise and a vast

network of industry relationships. Go Global. Go Viral. Go Green."

10.     The website at www.chaseideas.com links to a personal website for Mr. Gassert,

www.chasegassert.com, wherein Mr. Gassert states that he is "the CEO and managing partner"

of Chase Ideas. Mr. Gassert also maintains the domain name www.cha2e.com that links to an

active internet website wherein Mr. Gassert explains his involvement with Chase Ideas and other

entities.

11.     Defendant Go Green Media, LLC ("Go Green Media") is a Nevada limited

liability company, incorporated on or about September 5, 2008, and purports to be doing

business at 2885 East Quail Avenue, Las Vegas, Nevada 89120, but the address is merely the

business address for the company's registered agent, XFirms, Inc. The managing members of Go

Green Media are defendant Chase Inc. and non-party Megalodon Marketing, Inc. Non-party

Megalodon Marketing, Inc. is a Nevada corporation wholly owned by non-party Geoffrey

Warren Clay. The registered agent for Megalodon Marketing, Inc. is also XFirms, Inc.

According to an advertisement published by Mr. Clay, Go Green Media is a "full-service

agency," and "experts in generating online web leads & live phone call transfers," and provides

"email marketing & list management," "internet marketing & media-buying," "lead generation

solutions," & "pay-per-click advertising & real-time bidding platform."

12.     Defendant Mitchell Chase Gassert, also known as Chase Gassert, is a natural

person, age 31, purportedly residing at 118 Calle las Flores, Apartment 301, San Juan, Puerto

Rico 00911-2361. Mr. Gassert also has resided at 11565 Sunset Knolls Road, Lakeside,

California 92040-2809. Mr. Gassert is an owner, officer, manager and agent of defendants Chase

Inc. and Chase Ideas. Mr. Gassert is responsible for designing, implementing, overseeing, and

participating, in the marketing strategy that was used to send unsolicited text messages to Plaintiff's cellular telephone.

13.     Non-party Go Green Debt Solutions, Inc., ("GGD") is a Florida corporation, incorporated on or about February 10, 2017. According to documents filed in the State of Florida, GGD operates at 1074 Aviary Road, Wellington, Florida 33414, and receives mail at 2885 East Quail Avenue, Las Vegas, Nevada 89120. The President of GGD is defendant Mitchell Chase Gassert and the Vice President is non-party Geoffrey Warren Clay. The registered agent for GGD is non-party Patrick James Brannon, 1074 Aviary Road, Wellington, Florida 33414. It will need to be determined in discovery whether GGD participated in sending the unlawful text messages to Plaintiff's cellular telephone.

14.     Non-party Go Green Financial Solutions, Inc., ("GGF") is a Florida corporation, incorporated on or about February 15, 2017. According to documents filed in the State of Florida, GGF operates at 1074 Aviary Road, Wellington, Florida 33414, and receives mail at 2885 East Quail Avenue, Las Vegas, Nevada 89120. The President of GGF is defendant Mitchell Chase Gassert and the Vice President is non-party Geoffrey Warren Clay. The registered agent for GGF is non-party Patrick James Brannon, 1074 Aviary Road, Wellington, Florida 33414. It will need to be determined in discovery whether GGF participated in sending the unlawful text messages to Plaintiff's cellular telephone.

15.     Non-party Payment Inc. is a Nevada corporation, incorporated on or about October 23, 2017, and purports to be doing business at 2885 East Quail Avenue, Las Vegas, Nevada 89120, but the address is merely the business address for the company's registered agent, XFirms, Inc. The President, Secretary, Treasurer and Director of Payment Inc. is defendant

Mitchell Chase Gassert. It will need to be determined in discovery whether Payment Inc. participated in sending the unlawful text messages to Plaintiff's cellular telephone.

16.     Defendants Chase Inc., Chase Ideas, Go Green Media and Mitchell Chase Gassert are sometimes collectively referred to in this complaint as the "Marketing Defendants."

17.     The Marketing Defendants operated together as a common enterprise to run one or more advertising campaigns to market the sale of financial services to people across the country by sending text messages to cellular telephones, including the sending of multiple unsolicited text messages to Plaintiff's cellular telephone.

18.     Defendant Global DS Group, LLC ("Global") is a Delaware limited liability company, FEIN 47-510xxxx, incorporated on or about September 18, 2015. On October 6, 2015, Global filed with the State of Florida, an application to transact business in Florida. The application was signed by Edward Charles Welke as Managing Member. The application was accompanied by a cover letter instructing the State of Florida to return all documents regarding the application to "Kay Caliendo, Global DS Group, LLC, c/o Allerand Capital," email address kcaliendo@allerand.com, and telephone number 561-427-6776. According to the Global 2018 Annual Report filed by Mr. Welke with the State of Florida, the Principal Place of Business for Global is located at 675 West Indiantown Road, Suite 103, Jupiter, Florida 33458. The registered agent for Global is Cogency Global Inc., 115 North Calhoun Street, Suite 4, Tallahassee, Florida 32301.

19.     On October 1, 2015, Global anonymously registered the domain name www.GlobalDSGroup.com. The domain name links to an active internet website that describes Global as "Short Term Lenders" and states that "Global DS Group is a leader in the debt relief industry. We offer FTC compliant, performance based, debt relief." The website provides the

following contact information: Address – 675 West Indiantown Road, Jupiter, Florida 33458; Telephone – 866-677-5032 and 866-677-5044; and Email – Info@GlobalDSGroup.com. The website also states: "We are a debt settlement company that has experience in negotiating with creditors large and small."

20.     Defendant Allerand Capital, LLC ("Allerand") is a Delaware limited liability company, FEIN 27-129xxxx, incorporated on or about December 28, 2011. On January 12, 2012, Allerand filed with the State of Florida, an application to transact business in Florida. The application was signed by Edward Charles Welke as Managing Member. The application was accompanied by a cover letter instructing the State of Florida to return all documents regarding the application to "Kay Caliendo, Allerand Capital, LLC," email address kcaliendo@allerand.com, and telephone number 561-427-6776. According to the Allerand 2018 Annual Report filed by Allerand with the State of Florida, Allerand is managed by non-party Richard J. Sabella and the Principal Place of Business for Allerand is located at 675 West Indiantown Road, Suite 103, Jupiter, Florida 33458. The registered agent for Allerand is Cogency Global Inc., 115 North Calhoun Street, Suite 4, Tallahassee, Florida 32301.

21.     Allerand maintains an internet domain name, www.allerand.com, registered on December 27, 2011, and that links to a related internet website stating that Allerand is "a boutique investment firm with offices in Florida and Connecticut," "comprised of three principals" (Richard J. Sabella, Ward Charles Welke and J. Peter Paganelli) "and several employees" (including Brenda Kay Caliendo, as Operations Manager), that along with its affiliates (including Global DS Group, LLC) "specialize in making private investments in various types of products and industries." The website also states that Allerand, through Allerand Speciality Finance, "has taken operating roles in a number of consumer-based financial servicing

and advisory companies, including debt settlement …. and has helped over 25,000 consumers throughout its history."

22.      Allerand Specialty Finance, LLC is an assumed name registered on February 28, 2012, by SWZ Financial LLC, a Florida limited liability, 675 West Indiantown Road, Suite 103, Jupiter, Florida 33458, FEIN 45-436xxxx. The manager of SWZ Financial LLC is Edward Charles Welke.

23.      Allerand maintains the internet website, www.allerandcapitalllc.wordpress.com, captioned "Allerand Capital LLC – Payday Loan Alternatives," "Allerand Capital LLC Get Cash Overnight. Bad Credit OK. Online Approvals – Apply24/7," and offers: "Here at Allerand Capital LLC, we help you **get the cash you need NOW! Gain immediate access to cash** after filling out our simple, secure online loan application."

24.      Allerand and Mr. Welke previously offered payday loans and debt consolidation services through Payless Financial Group, LLC, a Florida limited liability company, incorporated on or about March 21, 2012, located at 675 West Indiantown Road, Suite 103, Jupiter, Florida 33458, with a contact email address of wwelke@allerand.com.

25.      Defendant Edward Charles Welke, also known as Ward Welke, is a natural person, age 40, likely residing at 12375 Ridge Road, North Palm Beach, Florida 33408-2528 or 253 Marlberry Circle, Jupiter, Florida 33458-2849. Mr. Welke is a Managing Member of defendants Global and Allerand. Mr. Welke has owned and managed multiple entities offering to make payday loans and perform debt settlement services. Mr. Welke oversaw and managed the marketing efforts of Global and Allerand, including the advertising campaign that resulted in the sending of unsolicited SMS text messages to Plaintiff's cellular telephone.

26.     Defendants Global DS Group, LLC, Allerand Capital, LLC and Mr. Welke are sometimes collectively referred to in this complaint as the "Financial Services Defendants."

27.     The Financial Services Defendants operate as a common enterprise, making payday loans to consumers and/or selling consumer leads to payday loan lenders, as well as providing debt settlement services to consumers and/or selling consumer leads to entities providing debt settlement services to consumers.

28.     The Financial Services Defendants and/or their agents hired the Marketing Defendants to send at least forty-five unsolicited SMS text messages to Plaintiff's phone, advertising the Financial Services Defendants' payday loan and debt settlement services and/or lead generations.

**IV. Facts**

29.     According to defendant Mitchell Chase Gassert, on May 16, 2016, non-party Belinda Smith visited the internet website https://elitecashwire.com and somehow (knowingly or not) gave the company permission to sell Ms. Smith's personal and contact information to marketing companies or anyone else. Mr. Gassert also claims that Ms. Smith gave permission for anyone who purchased Ms. Smith's personal and contact information to send advertisements to Ms. Smith by text message.

30.     In or about September of 2016, Plaintiff purchased and activated a new cellular telephone. Plaintiff's telecommunications carrier randomly assigned a cellular telephone number to Plaintiff and his new cellular telephone.

31.     Apparently, the cellular telephone number assigned to Plaintiff and his new cellular telephone was a cellular telephone number previously assigned to Ms. Smith.

32.     Plaintiff does not know Belinda Smith, has never met Belinda Smith, and has never communicated with Belinda Smith.

33.     Almost immediately after Plaintiff obtained and activated his new cellular telephone, Plaintiff began to receive frequent, unsolicited text messages, advertising payday loans.

34.     Between September 20, 2016 and October 4, 2016, telephone number 877-737-6131 was used to send five unsolicited text messages to Plaintiff's cellular telephone, advertising payday loans. On October 4, 2016, Plaintiff sent a return text message to 877-737-6131 to stop the text messages and immediately received a text message confirming that Plaintiff's cellular telephone number had "successfully been unsubscribed."

35.     Despite the foregoing, on October 21, 2016, telephone number 970-701-4095 was used to send another unsolicited text message to Plaintiff's cellular telephone, advertising payday loans. Plaintiff immediately sent a return text message to 970-701-6131 to stop the texts and immediately received a text message confirming that Plaintiff's cellular telephone number had "successfully been unsubscribed."

36.     Despite Plaintiff's repeated efforts to stop the unsolicited text messages, Plaintiff's cellular telephone number has continued to be sold, marketed and included in databases for various advertising campaigns, resulting in multiple entities sending hundreds of unsolicited text messages to Plaintiff's cellular telephone, advertising payday loans and other types of credit.

37.     Between October 21, 2016 and October 17, 2018, the Marketing Defendants and/or their agents, on behalf of the Financial Services Defendants, intentionally made forty-five or more calls and intentionally sent forty-five or more unsolicited text messages to Plaintiff's

cellular telephone, offering to make short term loans, with actual knowledge that Plaintiff did not consent to receive any of the calls that were made and messages that were sent to Plaintiff's cellular telephone.

38.     A log for all forty-five calls and text messages, with dates, times, short codes, telephone numbers, and other content, is attached as Exhibit A.

39.     Each text message showed up on the display of Plaintiff's cellular telephone merely as a "New Message." To view the name of the sender and content of each message, Plaintiff was required to use his prepaid minutes and incur actual money damages.

40.     The Marketing Defendants and/or their agents used the following telephone numbers to call Plaintiff's cellular telephone and send multiple SMS text messages to Plaintiff's cellular telephone:

      a.  209-270-3371;

      b.  217-441-2889;

      c.  503-707-7942;

      d.  701-401-7943;

      e.  702-936-4411;

      f.  804-265-6957; and

      g.  916-713-7466.

41.     The Marketing Defendants and/or their agents used the following SMS Short Codes to call Plaintiff's cellular telephone and send multiple SMS text messages to Plaintiff's cellular telephone:

      a.  27367; and

      b.  58528.

42. The SMS Short Code 58528 was used to make at least thirty of the calls and send at least thirty of the unsolicited text messages to Plaintiff's cellular telephone.

43. On September 26, 2018, the Court entered an Order granting Plaintiff's Motion Requesting Leave to Serve Expedited, Limited Discovery to Identify Defendants (ECF No. 4, PageID.68).

44. Non-party Twilio Inc. is a telecommunications carrier that provides SMS Short Codes to its customers, along with a portal and other support that allows its customers to develop and implement advertising campaigns by sending text messages to cellular telephones. Twilio Inc. is the "owner" of SMS Short Code 58528, which Twilio Inc. periodically leases to its customers for a fee.

45. On September 28, 2018, Plaintiff served a subpoena on non-party Twilio Inc. requesting the Twilio Inc. customer identification information related to the use of SMS Short Code 58528, covering that period from September 1, 2016 through September 30, 2018.

46. On October 12 and 18, 2018, Twilio Inc. responded to Plaintiff's subpoena and provided its customer information, stating that for the entire period from September 1, 2016 through September 30, 2018, the entities registered by Twilio Inc. to use SMS Short Code 58528 to send SMS text messages to Plaintiff's cellular telephone were Chase Inc. and Chase Ideas Inc., doing business as ListCabinet, located at 2885 East Quail Avenue, Las Vegas, Nevada 89120, with the internet domain http://listcabinet.com, and that the contact person was Mitchell Chase Gassert, at admin@listcabinet.com and chase@chaseideas.com.

47. Non-party Twilio Inc. maintains an internet website, www.twilio.com with a cross-marketing section named "Twilio Doers," containing Mr. Gassert's biography and multiple links to Mr. Gassert's businesses, including Chase Ideas.

48.     Some of the unsolicited text messages sent to Plaintiff's cellular telephone stated that the recipient could obtain additional information regarding the short-term loans being offered by calling telephone number 855-979-4455, which at the time was a telephone number registered to defendants Global DS Group, LLC and/or Allerand Capital, LLC.

49.     SMS text messages are subject to the same consumer protections under the TCPA as voice calls. *In re Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, Declaratory Ruling and Order, CG Docket No. 02-278, WC Docket No. 07-135, FCC 15-72, ¶ 107 (rel. July 10, 2015), https://www.fcc.gov/document/tcpa-omnibus-declaratory-ruling-and-order (the "2015 FCC Order").

50.     The Marketing Defendants and/or their agents used an "automatic telephone dialing system," as the phrase is defined and used in the TCPA, to make calls and send the SMS text messages to Plaintiff's cellular telephone. Specifically, the equipment used to make calls and send the SMS text messages to Plaintiff's cellular telephone had the capacity (a) to store or produce telephone numbers to be called, using a random or sequential number generator, and (b) to dial such numbers. See 47 U.S.C. § 227(a)(1).

51.     Equipment used to originate Internet-to-phone text messages to wireless numbers via email or via a wireless carrier's web portal is an "automatic telephone dialing system" as the phrase is defined and used in the TCPA, and therefore calls made using the equipment require consent. 2015 FCC Order, ¶¶ 108-122.

52.     None of the above-described calls made by the Marketing Defendants and/or their agents to Plaintiff's cellular telephone was made for "emergency purposes" as the phrase is defined and used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

53.     None of the above-described text messages sent by the Marketing Defendants and/or their agents to Plaintiff's cellular telephone was made for "emergency purposes" as the phrase is defined and used in the TCPA, 47 U.S.C. § 227(b)(1)(A).

54.     Defendants did not obtain Plaintiff's "prior express consent" as the phrase is defined and used in the TCPA, 47 U.S.C. § 227(b)(1)(A), to make the above-described calls to Plaintiff's cellular telephone.

55.     Defendants did not obtain Plaintiff's "prior express consent" as the phrase is defined and used in the TCPA, 47 U.S.C. § 227(b)(1)(A), to send the above-described text messages to Plaintiff's cellular telephone.

56.     Defendants did not obtain Plaintiff's "prior express invitation or permission" as the phrase is defined and used in the TCPA, 47 U.S.C. § 227(a)(4)(A), to make the above-described calls to Plaintiff's cellular telephone.

57.     Defendants did not obtain Plaintiff's "prior express invitation or permission" as the phrase is defined and used in the TCPA, 47 U.S.C. § 227(a)(4)(A), to send the above-described text messages to Plaintiff's cellular telephone.

58.     Plaintiff has never had an "established business relationship," as the phrase is defined and used in the TCPA, 47 U.S.C. § 227(a)(4)(B), with Defendants.

59.     Defendants are not a "tax exempt nonprofit organization" as the phrase is defined and used in the TCPA, 47 U.S.C. § 227(a)(4)(C).

60.     Defendants made the above-described calls to Plaintiff's cellular telephone and sent the above-described text messages to Plaintiff's cellular telephone for the purpose of encouraging the recipient of the call and text messages to obtain a personal loan from Defendants and/or Defendants' customers.

61.     Each text message sent by Defendants to Plaintiff's cellular telephone was an "unsolicited advertisement" as the phrase is defined and used in the TCPA, 47 U.S.C. § 227(a)(5), because each text message was comprised of material, advertising the commercial availability or quality of property, goods, or services, which was transmitted to Plaintiff's cellular telephone without Plaintiff's prior express invitation or permission, in writing or otherwise.

62.     Defendants and/or Defendants' agents used an automatic telephone dialing system to make the described calls and send the described text messages to Plaintiff's cellular telephone. The calls were not for emergency purposes and the calls were not made with the prior express consent of the called party. Accordingly, Defendants and Defendants' agents violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii).

63.     "When the new subscriber to a reassigned number has not consented to the calls to that number, the caller may reasonably be considered to have constructive knowledge – if not actual knowledge – of the revocation of consent provided by the original subscriber to the number when the caller makes the first call without reaching the original subscriber. . . . [T]he opportunity for callers engaged in best practices to avoid liability for the first call following reassignment acknowledges callers' need for a reasonable opportunity to discover a reassignment using available tools, while ensuring that those callers who have not taken steps available to avoid making calls to reassigned numbers do not have, effectively, the ability to make unlimited calls in a manner that contravenes the consumer protection goals of the TCPA. . . . Calls to wireless numbers, where the caller does not have the consent of the called party – meaning the current subscriber or customary user, as defined above – violate the TCPA, absent [an emergency purposes or prior express consent of the called party]." 2015 FCC Order, ¶¶ 85-93

64.    On or before June 6, 2017, Plaintiff communicated in writing to Defendants and/or Defendants' agents that Defendants did not have permission to place calls to Plaintiff's cellular telephone number or to send text messages to Plaintiff's cellular telephone number.

65.    Defendants and/or Defendants' agents continued to make calls to Plaintiff's cellular telephone and send unsolicited text messages to Plaintiff's cellular telephone, offering to make short term loans, with actual knowledge that Plaintiff did not consent to receive any of the calls and text messages.

66.    Defendants made each of the described calls and sent each of the described text messages to Plaintiff's cellular telephone.

67.    Alternatively, Defendants' agents, cloaked with actual and apparent authority, made the calls and sent the text messages to Plaintiff's cellular telephone.

68.    Defendants willfully and knowingly violated the TCPA.

69.    As an actual and proximate result of the acts and omissions of Defendants and their employees and agents, Plaintiff has suffered actual damages and injury, including but not limited to, monetary loss, periodic loss of the use of his cellular telephone, annoyance, aggravation, invasion of his privacy, and violation of his right as created by Congress to be free from Defendants' unsolicited telephone calls and text message advertisements and intrusion in Plaintiff's life, for which Plaintiff should be compensated in an amount to be established by the Court and at trial.

## V. Claims for Relief

### Count 1 – Telephone Consumer Protection Act

70.    Plaintiff incorporates the foregoing paragraphs by reference.

71.    Defendants have violated the TCPA. Defendants' violations of the TCPA include,

but are not necessarily limited to, the following:

      a) Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii).

**Wherefore**, Plaintiff seeks judgment against all Defendants, jointly and severely, for:

      a)    Damages in the amount of $500.00 for each call made and text message sent by Defendants and/or Defendants' agents to Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227(b)(3)(B);

      b)    Treble damages, calculated as $1,500.00 per call made and text message sent by Defendants and/or Defendants' agents to Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227(b)(3);

      c)    An injunction requiring Defendants and/or Defendants' agents to cease calling and cease sending text messages to Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227(b)(3)(A);

      d)    Costs of this action; and

      e)    Such other and further relief as the Court deems just and proper.

Dated: November 7, 2018

/s/ Phillip C. Rogers
Phillip C. Rogers (P34356)
Plaintiff
6140 28th Street SE, Suite 115
Grand Rapids, Michigan 49546-6938
(616) 776-1176
ConsumerLawyer@aol.com